## THOMAS MURPHY

### *v.*

## TERRENCE McGRATH *et al.* Admrs.

1. DEATH OF PLAINTIFF *pending suit — in trespass.* In an action of trespass for an assault and battery, if the plaintiff died after verdict and before final judgment, at common law the suit abated, but by the statute in force, July 1, 1872, Laws 1872, p. 108, sec. 123, it survives to the personal representatives.

2. MITIGATION OF DAMAGES—*in trespass to the person.* In an action for assault and battery, evidence as to the conduct of the plaintiff at other times and upon other occasions, the assault and battery having been committed without any provocation given at the time, can not be given in evidence to mitigate the damages.

3. NEWLY DISCOVERED EVIDENCE—*affidavit must state positively that it is true.* An affidavit setting forth newly discovered evidence must state positively that the new evidence is true, and it is faulty if it fails in this particular.

APPEAL from the Circuit Court of Cook county; the JOHN G. ROGERS, Judge, presiding.

Mr. THOMAS SHIRLEY, for the appellant.

Messrs. HAINES & TRIPP, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was trespass assault and battery, in the Cook circuit court, by Dennis Gleason, plaintiff, against Thomas Murphy, defendant, resulting in a verdict for the plaintiff, on which the court rendered judgment, having denied a motion for a new trial.

It appears, after verdict found, and whilst a motion was pending to set it aside, and to arrest the judgment, the plaintiff died, and the same was suggested to the court, and that letters of administration had been granted to Terrence and Mary McGrath, and the suit thereafter progressed in the name of the administrators, their names appearing thereafter as plaintiffs on the record. Appellant's abstract is entitled, Thomas Murphy, appellant, against Terrence McGrath and Mary McGrath, administrators of Dennis Gleason, deceased, appellees. At common law, doubtless the action would have abated on the death of the plaintiff before final judgment, but by the act of the General Assembly of this State, in force July 1, 1872, it survived to the personal representatives. Laws of 1872, p. 108, sec. 123. There is nothing in the way of executing the judgment by the administrators.

Complaint is made that the court refused the following instruction asked by the defendant:

" If the jury believe, from the evidence, that on the 4th day of July, 1873, the plaintiff threatened to kill the defendant with a cleaver, and if they should further believe, from the evidence, that in his testimony with reference to said threat, the said plaintiff knowingly and wilfully swore to what he knew to be false in a matter material to the issue, then the jury may disregard the whole of his testimony, except so far as the same is corroborated by other credible evidence given to the jury by other credible witnesses in the trial of this case."

As to the first branch of the instruction, it has been held that acts done, or words spoken by the plaintiff some time previous to the assault, which were part of a series of provocations, often reiterated, and continued up to the time of the attack, are admissible in evidence in mitigation of damages. But evidence with respect to the conduct of the plaintiff at other times and upon other occasions, the assault and battery having been committed without any provocation given at the time, can not be given in evidence to mitigate the damages. 1 Waterman on Trespass, 238, 239. The assault by the plaintiff against the defendant, as occurring twenty-one days prior to the assault and battery complained of, was not a subject for the consideration of the jury. As to the last clause of the instruction, the substance of it was given in defendant's first instruction, and the court did not err in refusing to repeat it.

It is claimed a new trial should have been granted on the newly discovered evidence brought to the notice of the court.

That testimony is cumulative upon the testimony of other witnesses of defendant heard on the trial, of which he was one. It is by no means of a character to determine the verdict in his favor, or to lessen the damages. The affidavit of appellant setting out this new evidence does not come up to the

requirements of the law in such cases, as held in *Ritchey* v. *West.* 23 Ill. 385, where it was said the affidavit must state positively the new evidence is true. The affidavit is faulty in this particular.

Seeing no error in the record, the judgment must be affirmed.

*Judgment affirmed.*