THE NORTHERN TRUST COMPANY, Exr.

*v.*

WILLIAM H. PALMER, Exr.

*Opinion filed February 14, 1898.*

1. STATUTES—*statutes in pari materia are to be construed together.* Section 123 of the Administration act, (Rev. Stat. 1874, p. 126,) concerning the survival of actions, and sections 10 and 11 of the act concerning the abatement of actions, (id. p. 97,) are *in pari materia,* and are to be construed together.

2. ACTION—*actions for damages to real or personal property survive.* Under section 123 of the Administration act causes of action for damages to real or personal property survive.

3. SAME—*common law rule as to abatement of suit on death of parties is changed by statute.* Section 123 of the Administration act, and sections 10 and 11 of the Abatement act, have changed the common law rule that a suit is abated by the death of the parties.

4. SAME—*death of sole parties does not abate suit if action is one which survives.* Where a cause of action survives, upon the death of the sole parties thereto the suit does not abate, but may proceed upon substituting the respective personal representatives as parties, even though the death of the surviving party occurred before the personal representative of the other had been substituted.

5. TRESPASS—*all parties to act of trespass are principals.* One who commands or sanctions a trespass is equally guilty with the one who does the act, and both are liable therefor, jointly or severally.

6. LANDLORD AND TENANT—*when landlord is liable for damages to tenant from repairing building.* A landlord who, without his tenant's consent, authorizes an adjoining owner to tear down and rebuild a party wall of the store occupied by the tenant, is liable severally,

or jointly with the party doing the work, for the damages resulting to the tenant's property.

7. SAME—*tenant not bound to object to entry to maintain trespass.* A tenant occupying a building with a stock of goods is not bound to object to the entry of workmen for the purpose of tearing down a wall of the building and erecting a new one, as authorized by the landlord, before he can hold the landlord liable for damages.

8. SAME—*one relying on license as defense to trespass has the burden of proof.* One seeking to justify a trespass on the ground that the plaintiff consented to the act has the burden of proof.

*Northern Trust Co.* v. *Palmer*, 70 Ill. App. 93, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This was an action of trespass on the case, brought by Marie M. Fenton, against Cyrus M. Hawley. The defendant was duly served with summons, but before the cause was reached for trial the plaintiff and defendant died. The appellant was duly appointed executor of the estate of Cyrus M. Hawley, and appellee was made executor of the estate of Marie M. Fenton. The death of Marie M. Fenton, the plaintiff in the action, and of Cyrus M. Hawley, the defendant, having been suggested in court, the court made an order substituting appellee and appellant as plaintiff and defendant in the cause. The defendant interposed several pleas, upon which issue was taken. A trial was had before a jury, the defendant introducing no testimony, resulting in a verdict and judgment in favor of plaintiff. The defendant appealed to the Appellate Court, where the judgment was affirmed. To reverse the judgment of the Appellate Court this appeal was taken.

JESSE HOLDOM, for appellant.

REMY & MANN, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The principal questions insisted upon by appellant in this case are, first, that the suit abated by the death of the plaintiff and defendant in the original suit; and second, that the court erred in sustaining the demurrer to the plea in abatement.

In support of his position, the attorney for appellant, in his argument, insists that as the legislature of Illinois has, by special enactment, provided "that the common law of England, so far as the same is applicable and of a general nature, and all statutes or acts of the British parliament made in aid of and to supply the defects of the common law, prior to the fourth year of James the First," (excepting certain statutes which are of a general nature and not local to that kingdom,) "shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority," (Rev. Stat. chap. 28,) and as the legislature has not repealed the rule of the common law that on the death of the parties to a suit such suit abates, therefore the suit at bar abated.

The legislature has changed the rule of the common law, as will be seen by the following statutory provision in force July 1, 1872: "In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person, (except slander and libel,) *actions to recover damages for an injury to real or personal property* or for detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or non-feasance of themselves or their deputies, and all actions for fraud or deceit." (Rev. Stat. chap. 3, sec. 123.)

This court expressly passed on this question in *Murphy* v. *McGrath*, 79 Ill. 594,—a case for trespass and assault and battery. After verdict found, and while a motion was pending to set the verdict aside and to arrest the judgment, the plaintiff died, and the death was suggested

to the court, and that letters of administration had been granted. The suit progressed thereafter in the names of the administrators, their names appearing as plaintiffs on the record. This court said: "At common law, doubtless the action would have abated on the death of the plaintiff before final judgment, but by the act of the General Assembly of this State in force July 1, 1872, it survived to the personal representatives.—Laws 1872, p. 108, sec. 123."

This statute having provided that "actions to recover damages for an injury to real or personal property" shall survive, the following sections 10 and 11 of the Abatement act (Rev. Stat. p. 97,) declare how the action or proceeding may be revived if the sole plaintiff or sole defendant dies before final judgment or decree:

"Sec. 10. When there is but one plaintiff, petitioner or complainant in an action, proceeding or complaint, in law or equity, and he shall die before final judgment or decree, such action, proceeding or complaint shall not on that account abate, *if the cause of action survive to the heir, devisee, executor or administrator of such decedent,* but any of such to whom the cause of action shall survive, may, by suggesting such death upon the record, be substituted as plaintiff, petitioner or complainant, and prosecute the same as in other causes.

"Sec. 11. When there is but one defendant in an action, proceeding or complaint, in law or equity, and he dies before final judgment or decree, such action, proceeding or complaint shall not on that account abate, *if it might be originally prosecuted against the heir, devisee, executor or administrator of such defendant,* but the plaintiff, petitioner or complainant may suggest such death on the record, and shall, by order of the court, have summons against such person or legal representative, requiring him to appear and defend the action, proceeding or complaint, after which it may proceed as if it had been originally commenced against him."

It is claimed by appellant that the statute is silent as to reviving a suit where all the parties, plaintiff and defendant, are dead before the revival of the suit as to the one or the other, and therefore abates as at common law. This is on the assumption that the common law rule relating to the death of a plaintiff and defendant is still in force in this State and not repealed, the reverse of which, as we have shown, is true. The cause of action, being for damages for injury to personal property, survived on the death of Marie M. Fenton, the plaintiff, and her personal representative was substituted as plaintiff. The action survived on the death of the defendant, Hawley, and, his death being suggested on the record, his executor was made a party. Sections 10 and 11 of chapter 1, and section 123 of chapter 3, of the Revised Statutes, come within the rule laid down in Kent's Commentaries (vol. 1, p. 474): "Several acts *in pari materia*, and relating to the same subject matter, are to be taken together and compared in the construction of them, because they are considered as having one object in view. * * * The object of the rule is to ascertain and carry into effect the intention, and it is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions. Upon the same principle, whenever a power is given by a statute, everything necessary to the making it effectual to attain the end is implied." In the case of *Executors of Henderson* v. *Alexander*, 2 Ga. 81, it was held that a statute providing the death of either party shall not cause the suit to abate is to be construed as embracing a case in which both parties die before the substitution of the personal representatives of either of them. See *Greene* v. *Martine*, 21 Hun, 136.

A statute remedial in character is to be construed liberally. Under the statute, in the case at bar the death of the plaintiff or defendant shall not cause the suit to abate, and the heir or executor or administrator may be substi-

tuted.   To give complete effect to the statute, it must be construed to embrace a case where both parties die before the substitution of the personal representatives of either. The cause of action surviving under the statute, and the plaintiff, Marie M. Fenton, and the defendant, Cyrus M. Hawley, both dying before final judgment and before the substitution of the executors, it did not abate, and the demurrer to the defendant's plea in abatement was properly sustained.

Appellant contends that Hawley was not liable for the damage suffered by Fenton by the acts of the Florsheims, under Hawley's contract with them.   The action was brought by the tenant, Marie M. Fenton, against her landlord, Cyrus M. Hawley, for damages to the goods of the plaintiff by taking down the south wall of the store building on Wabash avenue then occupied by plaintiff under a lease from defendant.   It was conceded that plaintiff had the right, under the lease, to occupy the premises until April 30, 1890.   It appeared that Hawley, the landlord, made a contract on January 16, 1890, with Simon and Philip Florsheim to take down the south wall of the building and to build a new party wall in place of the one taken down, within sixty days from the date of the contract.   The Florsheims were to sheet or side up the shoring joists, and to not unnecessarily tear up or injure the inside of the building.   Hawley agreed to pay, on the fulfillment of the agreement, $1200 and put in order the inside of his said building.   Nothing is said about protecting the tenant in the contract, and no provision is made that the Florsheims should secure her consent, notwithstanding Marie M. Fenton, as it appeared, occupied the building with a large stock of goods and her lease did not expire until the 30th of April, 1890, while the contract required the taking down of the wall and the erection of the new wall in sixty days from January 16, 1890.   Parsons, in his work on Contracts, (vol. 1, p. 531,) says:   "There is an implied covenant on the part of the

lessor to put the lessee into possession, and that he shall quietly enjoy." Hawley could not, by contract, authorize the Florsheims, without the consent of his tenant, Fenton, to take down and erect a new wall to the building, the necessary or probable effect of which would be to injure the tenant in her rightful and quiet possession, without being liable, jointly or severally with the Florsheims, the other wrongdoers, for damages. In *Whitney* v. *Turner*, 1 Scam. 253, this court said: "The doctrine in relation to trespass is well settled that there are no accessories. All are principals who are in anywise concerned in the trespass. The person who commands or approves is equally guilty with the one who performs the act." But while the law permits all the wrongdoers to be proceeded against jointly, it also leaves the party injured at liberty to pursue any one of them severally, or any number less than the whole, and to enforce his remedy regardless of the participation of others. In this case the taking down and rebuilding of the party wall was lawful in itself, but became unlawful by reason of the injury resulting to the property of the tenant, Marie M. Fenton, and in consequence thereof the person or persons authorizing or causing the damages are liable to make reparation therefor.

Appellant assigns as error the refusal of the court to give its third, fourth, fifth, and sixth instructions.

The third refused instruction was properly refused, because it, in effect, told the jury that the Florsheims were independent contractors under the contract with Hawley, and that the contract was no evidence of Hawley's authorization or participation in the unlawful entry.

The following is the fourth refused instruction:

"If the jury believe, from the evidence, that the south wall of the premises set forth in the lease offered in evidence was taken down by the direction of the Florsheims, under the agreement between them and Cyrus M. Hawley, now deceased, and that the entry was made by the workmen engaged by the Florsheims to do the

work without objection or protest from Marie M. Fenton or those in possession for her, then that such entry did not, as a matter of law, constitute a trespass."

The plaintiff was not bound to object to the entry of the Florsheims, by their workmen, before defendant would be guilty of a trespass. If the entry was made without the consent of plaintiff it was a trespass in law.

The fifth refused instruction was as follows:

"The jury are further instructed, that to render a person guilty of a trespass to personal property he must willfully or negligently or unlawfully interfere with such personal property in the actual possession of another and without the consent of the latter, and that before plaintiff can recover in this suit he must prove that the taking down of the wall of the building leased by Cyrus M. Hawley to John H. Fenton was done without the consent of Marie M. Fenton, or those in possession thereof for her."

This instruction did not give the law correctly. The burden of proof was not upon the plaintiff to show that the wall of the building was taken down without the consent of the plaintiff. That was matter of defense. If the defendant relies upon a license he must prove it.

The sixth instruction was properly refused. It reads:

"If the jury further believe, from the evidence, that Cyrus M. Hawley took no part in the taking down of the south wall of the building occupied by Marie M. Fenton in the month of January, 1890, under a lease from said Hawley to her husband, J. H. Fenton, than that of making the agreement with Simon and Philip Florsheim, in evidence in this case, then their verdict should be for the defendant."

The rule laid down in 1 Scam. 253, in trespass, is, that the person who commands or approves is equally guilty with the one who performs the act.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*