ALMOS MOSSESSIAN *vs.* CALLENDER, McAUSLAN & TROUP
CO.

PROVIDENCE—MAY 7, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Pleading and Practice. Trespass. Trespass on-the Case. Master and
Servant. Corporations.*

Where a plaintiff seeks to hold a corporation liable for indirect or conse-
quential force suffered as a consequence of the employment of a servant
about the business of defendant, the action should be *case* and not *tres-
pass.*

Distinction between case and trespass, in actions against principals for
torts committed by servants, stated.

TRESPASS VI ET ARMIS.   Heard on demurrer to declara-
tion, and demurrer sustained.

ROGERS, J.   The plaintiff, a woman, in her declaration
"complains of Callender, McAuslan & Troup Co., a corpora-
tion legally created, duly summoned by the sheriff, in an ac-
tion of trespass, for that the defendant on to wit—the 22nd
day of November, A. D., 1900, and for a long time previous
thereto and from thence hitherto, was then and there engaged
in and ever since has been and now is engaged in the busi-
ness of retail dealer in dry goods with a store and place of
business in Providence aforesaid ; and the plaintiff further
alleges that on to wit—the 22nd day of November, A. D.,
1900, between the hours of five and six o'clock in the after-
noon she went into said defendant's said place of business in
said Providence, for the purpose of making certain purchases
of certain articles for sale therein, and it thereupon became
and was. the duty of said defendant to provide careful, com-
petent and prudent servants and agents to manage and ope-
rate its said business, particularly so that the person of the
plaintiff, while the plaintiff was in said store as aforesaid,
should not be unlawfully interfered with by said servants
acting for and in behalf of said defendant ; and the plaintiff
further alleges that after she had duly completed her said

purchases in the said place of business of said defendant, said plaintiff, quietly and without unreasonable delay, started to leave said place of business of said defendant, when the said defendant, by its servants and agents acting for and in its behalf, with great force and violence then and there set upon said plaintiff and did then and there wantonly and publicly assault said plaintiff, and did cruelly beat, wound and ill treat said plaintiff and throw said plaintiff with great force and violence to and against the floor in said defendant's said place of business " (setting out the injuries done her in detail) " and in consequence of said wrongful acts of said defendant, the said plaintiff, being then and there with child, a miscarriage was caused, and the said plaintiff was made sick in body and mind and suffered great distress and agony.   And the plaintiff avers that by reason of the premises she is permanently injured and disabled and that the same were sustained from the aforesaid wrongful acts on part of said defendant."

The defendant demurred on the alleged ground that " it appears by the plaintiff's declaration that the acts complained of were committed by the agents and servants of the defendant company and were not done by the command or under the express authority of said defendant and have not been expressly ratified by said defendant ; the action should have been trespass on the case and not trespass as laid in the plaintiff's writ and set forth in her said declaration."

The question, then, before the court is, whether trespass is the proper form of action for the act complained of in the declaration.

Though the declaration designates the action as trespass yet in its very forefront after alleging that the plaintiff had visited the defendant's store for the purpose of purchasing certain articles for sale there, it proceeds to state her cause of complaint to be the breach of this duty, viz.—" and it thereupon became and was the duty of said defendant to provide careful, competent and prudent servants and agents to manage and operate its said business so that the person of the plaintiff while the plaintiff was in said store as aforesaid,

should not be unlawfully interfered with by said servants acting for and in behalf of said defendant," and it then alleges how the defendant failed to perform its said duty in that respect.

The thing complained of, then, is the injury to the plaintiff in consequence of the defendant's not providing careful, competent and prudent servants, etc.

The liability of corporations for the acts of its servants in the course of the latter's employment as such, as well as the remedies to enforce such liability, has been much confused and has been more or less altered from time to time.

Chitty in his work on Pleading, vol. 1, 13th Am. ed. * 76, says, " With regard to the liability of corporations, it is a clear general rule that they are liable to be sued as such in case or trover for any torts they may cause to be committed. It has been laid down that a corporation cannot be sued in its corporate capacity in trespass ; but this position appears to be incorrect, for although a corporation cannot as a corporate body, actually commit a trespass, yet they may order it to be done, and ought therefore to be responsible for the consequences. In these cases it is often very material to fix the corporation with liability, and to be entitled to redress from the corporate funds, rather than to be driven to a remedy against servants of the corporation."

Seventy years later Mr. Justice Swayne, in *National Bank* v. *Graham,* 100 U. S. 699, 702, used this language : " Corporations are liable for every wrong they commit, and in such cases the doctrine of *ultra vires* has no application. They are also liable for the acts of their servants while such servants are engaged in the business of their principal, in the same manner and to the same extent that individuals are liable under like circumstances. An action may be maintained against a corporation for its malicious or negligent torts, however foreign they may be to the object of its creation or beyond its granted powers. It may be sued for assault and battery, for fraud and deceit, for false imprisonment, for malicious prosecution, for nuisance, and for libel. In certain cases it may be indicted for misfeasance or nonfeasance touch-

ing duties imposed upon it in which the public are interested. Its offences may be such as to forfeit its existence." In the above suit the form of the action was trespass on the case for the bank's negligence in losing a special deposit of United States bonds while acting as a gratuitous bailee, or one with-, out compensation or reward, and the question was as to the liability of the bank.

The liability of a corporation then, for the acts of its servants is the same, practically, as that of an individual for the acts of his servants. When the servant is not engaged about his principal's business the principal, of course, is not liable in any form of action.

The general rule laid down by Chitty is that " if the injury be *forcible*, and occasioned *immediately* by the act of the defendant, *trespass vi et armis* is the proper remedy ; but if the injury be not in legal contemplation *forcible* or *not direct and immediate* on the act done, but only *consequential*, then the remedy is by *action on the case.*" 1 Plead. * 125.   Suppose, by way of illustration, the plaintiff had seen fit to sue the servant for the injury sustained, she could have brought *trespass vi et armis*, or *trespass* as it is called in brief, whether the force was wilful or occasioned merely by negligence, as the injury was caused so far as the servant was concerned, by direct or immediate force. If the force was wilful or intentional the form of the action *must* have been trespass ; but if the force was caused by negligence the plaintiff might have waived the force and brought *trespass on the case,* or *case,* as it is called in brief, for consequential damages, or the damage consequent upon the use of the force. *Brennan* v. *Carpenter*, 1 R. I. 474.

(1)   Where, however, the principal is sued the form of the action must be *case* in the great majority of suits, as that is the proper remedy for torts not committed with force, actual or implied. *Case* is the proper action for injuries resulting from negligence, and for the wrongful acts committed by one's servants without his orders, but for which he as principal, is responsible. 1 Bouv. Law Dict. 289, Title, Case ; *Phila. &c. R. R. Co.* v. *Wilt*, 4 Whart. 142 ; *Allegheny Valley R. R.*

*Co.* v. *McLain,* 91 Pa. St. 442 ; *Drew* v. *Peer,* 93 Pa. St. 234 ; *Illinois Cent. R. R. Co.* v. *Reedy,* 17 Ill. 580.   In this last-named case the court said (p. 581): " Trespass only lies where the party sued does the act directly, or orders it to be done, which produces the injury complained of."

As the plaintiff in the case at bar desires to hold the defendant corporation liable, and not its servant, she can do so in an action of trespass provided she can show that the force used was used by its order either express or implied, for *qui facit per alium, facit per se,* and provided further that the declaration shows that she is suing for the direct force exerted against her, and not for the indirect or consequential force as it is called.   If, however, she seeks to recover of the defendant merely as a consequence of its employing the servant, about its business, then the action must be case, as she would be suing for the consequential and not for the direct force.

Corporations can only act by their agents and servants, and it has been decided many years ago that even in trespass corporations may be liable for the acts of their agents or servants although their authority is not under seal.  *Railway Co.* v. *Broom,* 6 Ex. 314, 324.   It was said in *St. Louis, etc, R. R. Co.* v. *Dalby,* 19 Ill. 353, 375, which was an action of trespass, that " the same evidence should be required of authority from the company, in cases where it is sought to be made responsible for a tort, as in cases where it is sought to be made responsible for a contract."   It is not every agent or servant of a corporation that can make a contract binding upon the corporation as its own, though he can always make a contract that will be binding upon himself, so it is not every agent or servant of a corporation that can commit trespass and render the corporation liable exactly in the same manner that he could make himself liable by his act.   To make the contract or the trespass the contract or the trespass of the corporation the agent or servant must hold such a representative position in or relation to the corporation, or be acting under the orders of one who does, that the act of the agent or servant will be deemed to be the act of the corporation itself.   Neither the authority to bind, nor a subsequent

ratification, according to our understanding, have to be alleged in the declaration in so many words, for that is a matter of proof ; but if the declaration is so drawn as to exclude claim for the direct force as the assault of the corporation itself and limit the claim to damages for force consequential upon the act of a servant in the course of its business though not of sufficient authority to make it the direct act of the corporation, it is equivalent to an allegation that the force sued for is not the direct act of the corporation, but only the consequence of employing that particular servant.

Stress was laid at the hearing as to the right of the plaintiff to bring trespass against the defendant for the alleged assault committed by the defendant's servant, but it matters not so much as to what sort of a declaration she could have framed, as it does what sort of declaration she has framed.

Where a plaintiff sets out the fewest possible facts in her declaration, leaving as much as possible for development on the trial, she may avoid the possibility of a demurrer but she may subject herself to being deprived of her verdict after having incurred the labor and expense of a trial because the evidence may not support the declaration, as was the case in *Philadelphia, etc. R. R. Co.* v. *Wilt,* and *Railway Co.* v. *Broom, supra.* Where, however, the plaintiff sets out her claim in her declaration more fully she often gets questions of law settled more quickly and cheaply on demurrer than after a long and expensive trial. She must take the responsibility of choosing one or the other form of action and in this State she cannot include both in the same suit.

In some States the distinction between all tort actions has been abolished, as in Massachusetts since 1852, so cases in such States, some of which were referred to on the hearing, afford no light in a State, as in ours, where the common law distinction still exists. Whatever may be the comparative advantages or disadvantages of those distinctions, so long as they are maintained, whenever the attention of the court is timely called to a misapplication of a remedy, it is incumbent upon us to enforce them.

In the case at bar the plaintiff has set out the duty owed

her which she claims the defendant has violated, and the facts on which she bases such claim.   By its demurrer the defendant, for the purposes of this hearing, has admitted the truth of the facts as stated.   It appearing from the declaration that the plaintiff is suing for damages for consequential force, it is the opinion of the court that the action should have been *case* and not trespass, and the demurrer to the declaration is therefore sustained.

*Thomas Z. Lee*, for plaintiff.

*Edwards & Angell*, for defendant.