## MAHER v. HARRIMAN.
### HARRIMAN v. BAKER et al.
#### Nos. 6298, 6308.

United States Court of Appeals for the District of Columbia.

Decided July 22, 1935.

Rehearing Denied Sept. 23, 1935.

Harry T. Whelan and William B. O'Connell, both of Washington, D. C., for Maher.

C. H. Merillat, of Washington, D. C., for Harriman.

Leon Tobriner, Byron U. Graham, Walter N. Tobriner, Selig C. Brez, Paul Sleman, Harry T. Whelan, and William B. O'Connell, all of Washington, D. C., for Baker and others.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

PER CURIAM.

These are appeals from a judgment of the Supreme Court of the District of Columbia; and as the appeals grew out of the same action, and have been heard together, they will be disposed of in one opinion.

The action was trespass vi et armis, brought by Florence J. Harriman, as plaintiff, against Raymond T. Baker, Delphine Dodge Baker, Wm. P. Lipscomb Company, Inc., a body corporate, J. H. Small & Sons, a body corporate, Logan Pingree, and Joseph P. Maher, as defendants.

The plaintiff's amended declaration, upon which the proceedings in the court below were based, contained two counts, the first of which alleged that she was the owner of a large parcel of ground at the intersection of Ridge road and Reservoir road, in the District of Columbia, improved by a dwelling house, used as her residence; and that on the 22d of April, 1931, the defendants, "with force and arms, did break and enter into and upon the said ground of the plaintiff, and trod down, trampled upon, consumed, destroyed, and spoiled the grass, herbage, shrubbery, ornamental trees, then and there growing and being of great value," etc., to the damage of the plaintiff, etc.

The second count of the declaration alleged that the defendants, "by their agents, servants, and/or employees, acting pursuant to orders given them by defendants, with force and arms did break and enter into and upon said ground of the plaintiff," etc.

The defendants filed three pleas to the declaration, the first being a general denial; the second alleging that whatever

substances were placed on the property of the plaintiff were placed there with her consent; and the third relating to certain equity proceedings of no concern here.

Upon the issues raised, a trial was had to a jury, which resulted in a directed verdict at the close of the plaintiff's case in favor of all defendants, except Raymond T. Baker and Joseph P. Maher, and upon this verdict a judgment was subsequently entered. Evidence was then adduced on behalf of the two defendants Baker and Maher; and at the close of all the evidence, the following occurred:

"Plaintiff and defendants announced they had no further evidence to offer, whereupon the defendants moved the court to direct the jury to return a verdict in their favor, the defendant Maher on the ground that the action should have been brought in trespass on the case and not in trespass; and the plaintiff moved the court to instruct the jury to return a verdict in favor of the plaintiff against the defendant Maher and that they might return a verdict in their discretion against both defendants, including not only compensatory but exemplary damages. After argument of counsel for the respective parties, during which counsel for plaintiff contended the action was properly brought in trespass, counsel for plaintiff moved the court, if it were of a contrary opinion, for permission to amend the declaration so as to include a count in trespass on the case, whereupon the court, over objection of defendant, stated if it concluded the action should have been brought in case, it would grant leave to plaintiff over the week-end, the argument occurring at the close of Friday's session, to file an additional count in trespass on the case but not including an amendment specifying punitive damages, to which limitation counsel for plaintiff acceded, stating in open court that plaintiff stood on the proposition punitive damages were allowable on the pleadings as they stood. Subsequently the court ruled no amendment was necessary and allowed defendants an exception to its ruling. The court also announced that it would refuse to permit the jury to consider allowance of punitive damages against either defendant as requested by plaintiff and allowed plaintiff an exception to the ruling. The court directed the jury to return a verdict against the defendant Maher for compensatory damages and allowed defendant Maher an exception thereto."

The result of this portion of the proceeding was that no amendment was made to the declaration, either because the judge considered it unnecessary or because the counsel were not willing to accept his limitation upon their claim for punitive damages.

Thereupon, the jury returned a verdict in favor of the plaintiff against the defendant Joseph P. Maher, for $850, and in favor of the defendant Raymond T. Baker, upon which judgment was duly entered.

The appeal in No. 6298 is from that part of the judgment entered upon the verdict against the defendant Joseph P. Maher in favor of the plaintiff; and the appeal in No. 6308 is from all of the judgment—the judgment on the verdict against Maher, the judgment on the verdict in favor of the defendant Raymond T. Baker, and the judgment on the directed verdict in favor of the other defendants, i. e., Delphine Dodge Baker, Wm. P. Lipscomb Company, J. H. Small & Sons, and Logan Pingree.

It appears by the pleadings and the evidence that on March 18, 1931, the defendant Raymond T. Baker entered into an agreement with the defendant Wm. P. Lipscomb Company, whereby the Lipscomb Company agreed to construct a residence and garage for the defendants Raymond T. Baker and Delphine Dodge Baker on Ridge Road Northwest, about half a mile from the *locus in quo*, which contract produced a series of subcontracts, under which the Lipscomb Company sublet certain work, including the excavation, to the defendant J. H. Small & Sons; that Small & Sons sublet the excavation work to Logan Pingree Company, Inc.; and that Logan Pingree Company, Inc., sublet the hauling of the surplus earth from the Baker estate to the defendant Joseph P. Maher, by whose servants the alleged trespass was committed.

The main question for consideration is whether the evidence adduced at the trial was legally sufficient to entitle the plaintiff to recover against the defendants or any of them in an action of trespass.

That an action of trespass cannot be maintained "where the injury was not immediate but consequential; or where the act complained of was not the direct act of the defendant, but of his servant in the course of his employment," is well established in this circuit. Perry, Com. Law Pldg., 68, 69.

■ While an action on the case "is the exclusive remedy against the master in cases where the servant, without the assent or authority of his master, commits a tort, even though it be direct, forcible and immediate, for which, in consequence of the relation between them, the master is in law liable." 1 Poe, Pldg. & Pr., § 160, p. 140.

■ Trespass on the case is the proper action for injuries resulting from negligence, and for wrongful acts committed by a man's servant without his order, but for which he as master is responsible. Mossessian v. Callender, McAuslan, etc., Co., 24 R. I. 168, 171, 172, 52 A. 806; Havens v. Hartford, etc., R. Co., 28 Conn. 69, 86; Campbell v. Phelps, 17 Mass. 244, 246; Broughton v. Whallon, 8 Wend. (N. Y.) 474; Philadelphia, G. & N. R. Co. v. Wilt, 4 Whart. (Pa.) 143; Allegheny Valley R. Co. v. McLain, 91 Pa. 442; Drew v. Peer, 93 Pa. 234; Johnson v. Castleman, 2 Dana (Ky.) 377; Illinois Cent. R. Co. v. Reedy, 17 Ill. 580; Canadian Pac. Ry. Co. v. Clark (C. C. A.) 73 F. 76, 80, 81.

In Lisner v. Hughes, 49 App. D. C. 40, 258 F. 512, 513, we held that the master's liability for a tort of the servant, committed while engaged in the business of the master and within the general scope of his authority but without the master's direction, is not in trespass, but in case, based on the servant's negligence; and that, where the evidence showed that the tort complained of was committed without the master's knowledge, there was a failure of proof as to the master which entitled him to a directed verdict. In that case we said:

"Common-law forms of action have not been abolished here. Miller v. Ambrose, 35 App. D. C. 75, 81. What, therefore, is the proper form of action for the recovery of damages from a master for an assault by his servant? The rule is well stated in Thames Steamboat Co. v. Housatonic R. Co., 24 Conn. 40, 63 Am. Dec. 154, which was an action for trespass *vi et armis* against a master and servant. The Court, after pointing out that the master is liable for the tortious acts of his servant done in the performance of the master's business and within the scope of the general authority conferred (see Axman v. Washington Gaslight Co., 38 App. D. C. 150), as well as for similar acts done by his express direction, said: 'But the remedies applicable to these several injuries are entirely different. In the former case he is liable only in an action upon the case, founded upon the negligence of the servant in the performance of the master's lawful business; whereas in the latter case he is liable in an action of trespass caused by the act of the servant. But his liability to be sued in trespass does not rest at all upon the relationship of master and servant, which exists, but upon the fact that the act complained of was done by his express direction and command, and so in reality, as well as in law, is his own act, though done through the instrumentality of another. A man shall not be made a trespasser against his will, though he may be made liable in an action on the case for the negligence of the servant, while engaged in the business of the master, however contrary to the master's wishes such negligence may be.' "

And in Knox v. Redwine, 61 App. D. C. 179, 59 F.(2d) 304, we repeated the ruling and applied the reasoning of Lisner v. Hughes.

■ In this case, while the trespass is undisputed, there is no showing in the evidence that the defendants Mr. and Mrs. Baker or Lipscomb directed or authorized it sufficient to support this action as it was brought, and as the suggested amendment to the declaration was not made, there was no sufficient showing for the plaintiff as against them, when the case was submitted to the jury.

A different situation exists with regard to the defendant Maher, and we think it was sufficient under the pleadings to warrant sending the case to the jury as against him, for the evidence as to him, even if it fails to show that his foreman's act in dumping dirt on plaintiff's land was done by his express direction and command, at least it shows that Maher participated in the trespass, aided and abetted it, and ratified his servant's act.

■ Crisman, a policeman on duty in the neighborhood, testified that he saw Maher's trucks dumping dirt on Mrs. Harriman's place. He saw Maher personally and talked to him during the period of the dumping. Asked what he said to Maher, he replied, "I just instructed him to have a man follow the trucks up, sweep the road off, the dirt on the road as the trucks were coming down." In another place he testified he had seen Maher on the Baker property—while the trucks were loading. The contract for the removal of the dirt was made by Maher personally.

We have, therefore, the evidence that Maher made the contract, that he was at the place of excavation, and that he was warned by a policeman that his trucks, in process of removing the dirt, were dropping part of it on the street. In these circumstances, there was ample to justify the verdict and, in our view, to sustain the judgment against him.

For the foregoing reasons, the judgment below is affirmed.

Affirmed.

HITZ, J., died before this opinion was prepared.