**SHAPIRO v. VAUTIER.**

No. 169.

Municipal Court of Appeals for the District of Columbia.

March 24, 1944.

Raymond E. Gable, of Washington, D. C. (Needham C. Turnage, of Washington, D. C., on the brief), for appellant.

Thos. H. Patterson, of Washington, D. C. (Grover C. Kane, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appellee was awarded a verdict for damages resulting from a claimed unlawful demolition of a chimney in a wall in her apartment. The verdict was rendered against appellant Shapiro as owner of the building, and one Christopher, the contractor on the job. Shapiro appeals.

The first principal question involves the sufficiency of the evidence to support the verdict. We recite only the evidence most germane here. Appellee had rented an apartment from appellant and had gone into possession; many months later, appellant leased the entire premises to one Pauline Vlahos; the lease contained the following provision:

"The lessee shall have the right to make such alterations, structural improvements or changes to the demised premises as she deems necessary for the operation of her restaurant and on sale liquor business."

Vlahos engaged the defendant Christopher to make certain structural changes, including the erection of a wall through the middle of the ground floor under appellee's apartment. In the performance of the work a chimney, which was part of a wall between appellee's bedroom and living room, was demolished leaving large openings in the ceiling as well as the floor of her apartment. This resulted in dirt, rain, and snow entering her apartment, causing some property damage and resulting also in illness on the part of appellee. The actual demolishing of the chimney was performed by a subcontractor. It was performed before the effective date named in the lease to Vlahos, when rent thereunder was to commence. Shapiro did not notify appellee of the lease to Vlahos and continued, as owner, to collect rent from appellee. There was evidence that Shapiro authorized Vlahos to have this particular work performed; that he continued to occupy part of the premises as a business establishment throughout the time of the construction work; that he was there every day during the progress of the work and knew the extensive nature thereof and that it involved

tearing down the chimney. Appellee denied that she had at any time given permission for the work.

■■ We agree with the trial judge that this showing, tested by familiar and oft repeated standards, made a clear case for submission to the jury.[1] Accepting the evidence (as it must be accepted for present purposes) in a light most favorable to plaintiff, it indicated that appellant as owner of the premises had authorized extensive reconstruction of a wall in appellee's apartment, that as such owner he was fairly chargeable with knowledge that the work would result in an undermining of the wall, and that his conduct was "evidential of a command or approval of the trespass by the landlord, such as to render him liable * * * in an action by the tenant for the resulting damages." Weinman v. DePalma, 232 U.S. 571, 575, 34 S.Ct. 370, 371, 58 L.Ed. 733. For these reasons it would have been highly erroneous to have taken the case from the jury.

■■ Appellant insists that he should be absolved of liability under the "independent contractor" doctrine and cities Maher v. Harriman, 65 App.D.C. 52, 79 F.2d 408. We hold that neither the doctrine nor the citation are applicable here.

This work did not involve repairs in the ordinary sense. It involved extensive structural changes which in their very nature should have been expected seriously to interfere with appellee's use of her apartment. As the Supreme Court said in Weinman v. De Palma, supra:

"Nor does the 'independent contractor' doctrine apply where the work that the contractor is to do of itself amounts to a nuisance or necessarily operates to injure or destroy the property of plaintiff."

■ There is even stronger reason for holding this an exception to the "independent contractor" doctrine. An owner who has given his lessee blanket authority for "such alterations, structural improvements or changes" as the lessee deems necessary, who is on the premises daily and knows what the work involves as it progresses, cannot escape liability by claiming that the work was done by someone else. For it was under his express and continuing authority

---

[1] Washington National Insurance Co. v. Stanton, D.C.Mun.App., 31 A.2d 680; Lohse v. Coffey, D.C.Mun.App., 32 A.2d 258; Viner v. Friedman, D.C.Mun.App., 33 A.2d 631; Birchall v. Capital Transit Co., D.C.Mun.App., 34 A.2d 624; Wright v. Capital Transit Co., D.C.Mun.App., 35 A.2d 183.

that appellee's possession was invaded and her damage caused. This view is supported by a number of well-reasoned cases which we cite in the margin,[2] and most of which were cited in the recent case of Bailey v. Zlotnick, 77 U.S.App.D.C. 84, 133 F.2d 35.

Another assignment of error concerns the action of the trial judge in causing or permitting the trial to continue on without a recess, past the dinner hour. Concerning that assignment of error we find the following in the record:

"Some time after 6 o'clock the Court stated to counsel and to the members of the jury that he had learned that frequently members of the jury would prefer to sit on and complete a case the same day rather than come back another day, and the members of the jury were asked to state their preference as to going on with the case. Eleven members of the jury said that they would prefer to continue consideration of the case, but Earl G. Wilhoite, Jr., the twelfth juror, stated that he would like to be excused if possible, and by consent of counsel for all parties he was excused from further consideration of the case. No counsel for any party objected to completing the case at that sitting.

"Thereafter, the case was presented to the jury after 8 o'clock p. m. without a recess for dinner * * *."

■■ In view of the recital that counsel did not object to the action taken and further because the record reveals that the objection was not made on the motion for new trial, but was presented here for the first time, we think the point was made too late.[3] "One cannot take his chance on a favorable verdict, reserving a right to impeach it if it happens to go the other way."[4]

■ But we cannot approve a practice which would hold parties and counsel in court for long hours without a recess and past the dinner hour. It is not conducive to the careful deliberation which should attend every jury trial. Tired and hungry jurors are not apt to bring clear or patient minds to the consideration of their verdict. It seems to us not quite fair to place counsel in the disadvantageous position of openly voicing an objection in such a situation, especially after the jury has indicated its desire to sit through and complete the case. We agree with appellant that there is an inherent psychological risk in counsel taking a stand in a matter involving personal convenience, contrary to one announced by the jury. And we think counsel should be protected against such risk.

■ We think it proper to suggest that in such situations, when a choice is to be made concerning a late session, the trial judge should consult counsel in advance and out of the hearing of the jury, and that the decision when announced should be that of the judge and not of counsel. We think this suggestion particularly applicable in the Civil Branch of the Municipal Court where jury trials are usually limited to one day a week and where jurors are understandably eager to complete their service and return to their business pursuits.

■ We do not forget that this matter is in the realm of discretion. We are satisfied, too, that the discretion has not been improperly exercised in this case, particularly in view of appellant's full acquiescence in the action taken. In saying what we have it is simply our purpose to help avoid even the suggestion of an unjust procedure in similar situations in the future.

We have carefully studied the record in the light of other arguments advanced by appellant and we are satisfied the trial judge committed no error.

Affirmed.

[2] Peerless Mfg. Co. v. Bagley, 126 Mich. 225, 85 N.W. 568, 53 L.R.A. 285, 86 Am.St.Rep. 537; Blickley v. Luce, 148 Mich. 233, 111 N.W. 752; Van Dam v. Doty-Salisbury Co., 218 Mich. 32, 187 N.W. 285, 29 A.L.R. 729; Medley v. Trenton Inv. Co., 205 Wis. 30, 236 N.W. 713, 76 A.L.R. 1250; Alexis v. Pittinger, 119 Wash. 626, 206 P. 370, 29 A.L.R. 733; Bloecher v. Duerbeck, 333 Mo. 359, 62 S.W.2d 553, 90 A.L.R. 40; Case v. Minot, 158 Mass. 577, 33 N.E. 700, 22 L.R.A. 536; Northern Trust Co. v. Palmer, 171 Ill. 383, 49 N.E. 553; Winchester v. O'Brien, 266 Mass. 33, 164 N.E. 807, 64 A.L.R. 895; Wertheimer v. Saunders, 95 Wis. 573, 70 N. W. 824, 37 L.R.A. 146.

[3] District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31; and McDevitt v. Waple & James, D.C. Mun.App., 34 A.2d 39.

[4] Meyer v. Capital Transit Co., D.C. Mun.App., 32 A.2d 392.