**EARLY SETTLERS INSURANCE COM-
PANY, a corporation, Appellant,**

v.

**Barry SCHWEID, Appellee.**

No. 3899.

District of Columbia Court of Appeals.

Argued May 31, 1966.

Decided Aug. 3, 1966.

Austin P. Frum, Washington, D. C., with whom Thomas S. Jackson, Robert M. Gray and John L. Laskey, Washington, D. C., were on the brief, for appellant.

Thomas V. Moore, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

On June 3, 1963, one Baydalakoff was involved in an automobile accident in the District of Columbia which, according to the complaint filed by his insurance company, appellant here, was caused by the negligent operation of a motor vehicle by appellee and resulted in property damage and personal injury to Dr. Seymore Alpert. Doctor Alpert made claim for these damages against Baydalakoff and appellant called upon Schweid "to indemnify it or contribute to a settlement or defense of Alpert's claim." Schweid refused. The insurance company, as insurer of Baydala-

koff, ultimately settled Alpert's claim for $2,900 and then filed suit against Schweid seeking indemnification or in the alternative, contribution. Schweid moved for summary judgment on the ground that the complaint "[failed] to state a cause of action upon which relief can be granted." Summary judgment in favor of Schweid was entered by the trial court. The insurance company challenges here the action of the trial court in dismissing its complaint.

In support of the dismissal of the action against him, appellee argues that, as the insurance company takes the position he was solely responsible for the accident, appellant would have had no legal responsibility to compensate Doctor Alpert for his losses and therefore has no claim for indemnification or contribution from him as a joint tort-feasor. He maintains that in settling Alpert's claim appellant thus acted as a volunteer. We find no merit to this contention.

■ Ordinarily a settlement is motivated by a mutual desire to avoid the expense and risks of litigation. Unless a claim is unreasonable or the compromise imprudently consummated, the public policy of encouraging settlements should be recognized. Moses-Ecco Company v. Roscoe-Ajax Corporation, 115 U.S.App.D.C. 366, 320 F.2d 685 (1963). Appellant here is the insurance carrier for one of the parties to the accident, and it will be presumed, the contrary not having been alleged or shown, that it acted in good faith and within its rights under its policy in making the settle-

ment. Such a settlement does not impose unconditionally the entire loss upon the insurer or prohibit or bar its right to indemnity or contribution. As Baydalakoff may be adjudged primarily or jointly negligent and therefore liable, to some degree, for the injuries sustained by Alpert, it cannot be said appellant was a volunteer in settling the claim against its policyholder. We rule that appellant's complaint was not subject to dismissal on the ground it acted as a mere volunteer in settling the claim.

■ Appellee accompanied his answer with a motion "for summary judgment" under Rule 56, although in our opinion it is more properly characterized as a motion to dismiss pursuant to GS Rule 12(b) (5).[1] But whether we view it as a motion to dismiss or one for summary judgment, we find that dismissal of the case on motion was premature for clearly appellant's complaint raises factual issues which can be resolved only after evidence has been produced at trial.

■ In appraising the sufficiency of the complaint, we must accept every well-pleaded allegation of material fact in appellant's complaint as true and indulge all reasonable and favorable inferences which may arise therefrom. Barr v. District of Columbia, D.C.D.C., 202 F.Supp. 260 (1962). Appellant charges that the damages sustained by Doctor Alpert were caused by the negligent operation of the motor vehicle owned and operated by appellee. Whether appellant is entitled to indemnification or contribution from him depends on the

1. A motion to dismiss under Rule 12(b) (5) may not be granted unless it appears as a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in substantiation of the claim advanced in the complaint. Sass v. District of Columbia, 114 U.S. App.D.C. 365, 366, 316 F.2d 366, 367 (1963). In a summary judgment proceeding, examination must be made to determine whether, based upon the pleadings, depositions and admissions on file, if any, with or without the benefit of any affidavits, there exists an issue of ma-

terial fact. The purpose of a summary judgment is not to deprive a litigant of his day in court but to effect the expeditious disposition of cases where no real factual issue is in dispute. The burden of demonstrating the absence of any material issue is upon the party moving for summary judgment and any doubts are to be resolved against that party. Purcellville National Bank v. Carter, D.C. Mun.App., 146 A.2d 206 (1958); Turek v. Yellow Cab Co. of D.C., D.C.Mun.App., 131 A.2d 923 (1957); Smith v. Leventhal, D.C.Mun.App., 97 A.2d 139 (1953).

resolution of this issue of negligence. We do not intimate any views as to the final outcome, but patently more facts need to be adduced before it can be said either that appellant failed to state a claim upon which relief can be granted (the criterion used in acting upon a motion to dismiss) or that there exists no issue of material fact (a finding necessary to support the grant of a motion for summary judgment). We are convinced that, under modern rules of pleading, the complaint is sufficient on its face to require this case to go to trial on its merits where opportunity will be afforded both parties to submit evidence to substantiate negligence, or the lack of it, on the part of the automobile operators involved in the accident.

■ Appellee also urges that the complaint is defective—and its dismissal therefore proper—because it seeks contribution from him but at the same time alleges he was solely responsible for the accident. We do not find that this seeming inconsistency justifies the dismissal of the complaint.

■ It is well settled in this jurisdiction that where parties are not wilful and intentional wrongdoers but are made such by legal inference or intendment, contribution may be enforced. George's Radio v. Capital Transit Co., 75 U.S.App. D.C. 187, 126 F.2d 219 (1942); Aetna Casualty & Surety Company v. Porter, D.C.D.C., 181 F.Supp. 81 (1960). It is only when a person knows, or must be presumed to know, that his act was unlawful that he will be denied indemnity or contribution. Where joint tort-feasors are guilty of active negligence and their negligence concurs in causing the injury, none is entitled to indemnity against the others but there may be contribution among them. District of Columbia v. Nordstrom, 117 U.S.App. D.C. 165, 327 F.2d 863 (1963). However, if each tort-feasor is at fault in some degree in causing the accident, the fact that the negligence of one may be greater than that of another does not give rise to a right of indemnity and does not change the method of equally apportioning contribution, as the law of this jurisdiction does not recognize degrees of negligence. Warner v. Capital Transit Company, D.C.D.C., 162 F.Supp. 253, 255 (1958).

There is nothing in the record before us which discloses any knowledge on appellant's part that the act of its insured was such that it would be precluded from seeking indemnity or contribution—whichever is established by competent evidence—from appellee for the damages paid to Doctor Alpert in compromise of his claim. We believe the complaint should be reinstated and that the parties should be permitted to offer testimony on the various issues of fact raised by such complaint.

For the foregoing reasons we hold that dismissal of the complaint filed by appellant was error.

Reversed.

Complaint ordered reinstated.