**John TAYLOR, Appellant,**

v.

**Pedro TELLEZ & Tela Enterprises, Inc., Appellees.**

**No. 91–CV–637.**

District of Columbia Court of Appeals.

Argued June 26, 1992.
Decided July 14, 1992.

---

to her property caused by excavation initiated on Taylor's adjacent property. Taylor had hired appellees Pedro Tellez and his wholly owned corporation, Tela Enterprises, Inc., to create a new entrance to his basement. Whitmore alleged in her complaint that: (1) while excavating on Taylor's property, appellees, acting as Taylor's agents, intentionally trespassed on her property; (2) both Taylor and appellees were negligent in performing the excavation; and (3) Taylor and/or appellees damaged her property in a willful and wanton manner. Taylor filed a third-party action against appellees, demanding indemnification and attorney's fees based on wrongful involvement in litigation. Taylor then settled with Whitmore by paying, through his insurance company, $15,000.[1]

Taylor continued the suit against appellees and was allowed to add an alternative claim for contribution. Appellees, raising multiple arguments, moved for summary judgment on all three claims. The trial judge granted the motion without stating the basis for his decision.

Ian A. Williams, with whom Joseph F. Cunningham was on the brief, for appellant.

Michael J. McAuliffe, for appellees.

Before STEADMAN, SCHWELB and FARRELL, Associate Judges.

FARRELL, Associate Judge:

Appellant contends the trial court improperly granted summary judgment dismissing his claims for indemnity, contribution and wrongful involvement in litigation. We agree that summary judgment was erroneous on this record, and reverse.

I.

The suit began when appellant John Taylor was sued by Jane Whitmore for damage

II.

█ In support of the trial judge's ruling, appellees contend principally that Taylor defended against Whitmore's suit by claiming that Tellez and Tela Enterprises were independent contractors, and that therefore, as a matter of law, Taylor was not liable for any negligence on appellees' part. Accordingly, they assert, he was "a mere volunteer in settling [Whitmore's] claim," *Early Settlers Ins. Co. v. Schweid,* 221 A.2d 920, 922 (D.C.1966), and so is not entitled to indemnity or contribution. We considered and rejected a similar contention in *Early Settlers,* in reversing what we said amounted to a dismissal of the case (though the defendants' motion had been styled one "for summary judgment"). *Id.* There, the insurance company representing one driver involved in an automobile acci-

---

1. Appellees contended below that suit had not been brought in the name of the real party in interest, the insurance company, but have conceded at oral argument in this court that that would not provide a basis for summary judgment. *See* Super.Ct.Civ.R. 17(a) (remedy for failure to name real party in interest is dismissal after objection and allowance of reasonable time for ratification, joinder or substitution).

dent settled with the injured third person, then sued a second driver for indemnity and contribution. The defendant-appellee contended on appeal that because the plaintiff-appellant

> takes the position [that defendant] was solely responsible for the accident, appellant would have had no legal responsibility to compensate [the injured person] for his losses and therefore has no claim for indemnification or contribution from him as a joint tort-feasor. [Appellee] maintains that in settling [the injured person's] claim appellant thus acted as a volunteer.

*Id.* In rejecting this contention we explained:

> Ordinarily a settlement is motivated by a mutual desire to avoid the expense and risks of litigation. Unless a claim is unreasonable or the compromise imprudently consummated, the public policy of encouraging settlements should be recognized. *Moses–Ecco Company v. Roscoe–Ajax Corporation*, 115 U.S.App.D.C. 366, 320 F.2d 685 (1963). Appellant here is the insurance carrier for one of the parties to the accident, and it will be presumed, the contrary not having been alleged or shown, that it acted in good faith and within its rights under its policy in making the settlement. Such a settlement does not impose unconditionally the entire loss upon the insurer or prohibit or bar its right to indemnity or contribution. As [the insured] may be adjudged primarily or jointly negligent and therefore liable, to some degree, for the injuries sustained by [the third party], it cannot be said appellant was a volunteer in settling the claim against its policyholder.

*Id.* We went on to hold that "dismissal of the case on motion [which we viewed practically either "as a motion to dismiss or one for summary judgment"] was premature for clearly appellant's complaint raises factual issues which can be resolved only after evidence has been produced at trial." *Id.* Specifically,

> [a]ppellant charges that the damages sustained by the [injured person] were caused by the negligent operation of the motor vehicle owned and operated by appellee. Whether appellant is entitled to indemnification or contribution from him depends on the resolution of this issue of negligence.... [P]atently more facts need to be adduced before it can be said ... that there exists no issue of material fact.....

*Id.* at 922–23. We further rejected the argument that the complaint was defective "because it seeks contribution from [the defendant] but at the same time alleges he was solely responsible for the accident," finding no legal obstacle to such "seeming inconsistency" in pleading. *Id.* at 923.

Very much as in *Early Settlers*, we hold that the record is inadequate here to permit a conclusion, as a matter of law, that Taylor "unreasonabl[y] or ... imprudently" settled Whitmore's claim. Moreover, factual issues must be resolved before appellees' liability for indemnity (or contribution) and wrongful involvement in litigation can be determined.

■ Appellees' argument that Taylor denied any personal liability to Whitmore and settled away a winning independent contractor defense to vicarious liability is doubly flawed. First, appellees concede that Whitmore sued Taylor for both personal and vicarious liability. Regardless of Taylor's denial, on this record it is simply impossible to say that no rational trier of fact could have held Taylor personally liable for the damage, *e.g.*, on a theory of negligent hiring or supervision. Second, even assuming that—as a matter of law—Tellez and Tela were independent contractors and not Taylor's agents, there still are unresolved issues of material fact concerning whether Taylor could have been held liable under exceptions to the rule insulating employers from liability for acts of independent contractors. Specifically, Whitmore alleged that Taylor, acting through Tellez and Tela Enterprises, intentionally trespassed on her property by way of an excavation "under the north wall of the Plaintiff's home" so as to undermine the wall sustaining her home. This allegation fairly stated a claim under *Shapiro v. Vautier*, 36 A.2d 349

(D.C.1944), of activity which by its "very nature should have been expected seriously to interfere with [plaintiff's] use of her [property]," *id.* at 350, thus rendering the independent contractor doctrine inapplicable. *Id.*[2] Whitmore further alleged that Taylor and his agents "wrongfully and negligently excavated the land adjacent to Plaintiff's land and building and removed the earth therefrom without leaving sufficient support for Plaintiff's land and building...." In *Washington Metro. Area Transit Auth. v. L'Enfant Plaza Properties, Inc.,* 448 A.2d 864 (D.C.1982), a case involving alleged negligent excavation resulting in subsidence of the plaintiff's water service line, we sustained the trial court's finding that the defendant was "liable for the negligence of its independent contractor because the activity engaged in was inherently dangerous and unusually hazardous." *Id.* at 868. We noted that "[w]hether a particular kind of work is inherently dangerous is essentially a relative determination based upon the facts of the particular case." *Id.; see also District of Columbia v. Howell,* 607 A.2d 501, 505 (D.C.1992) ("The existence of that danger and knowledge of it by the employer are normally questions of fact for the jury").

Both of these theories—nuisance and unusually hazardous activity—are fairly embraced within Whitmore's complaint and, if proven, would have subjected Taylor to liability even though Tellez and Tela were independent contractors. We think that resolution of factual issues going to both theories, as well as to Taylor's personal liability, if any, is essential before the trial court can finally evaluate the effect of Taylor's settlement on his entitlement to indemnity or contribution. As in *Early Settlers,* too, "patently more facts need to be adduced" before Taylor's underlying right to these forms of compensation can be established or rejected.

Indemnity is a shifting of responsibility from the shoulders of one person to another, and the duty to indemnify has been recognized where the equities have supported it. A court's view of the equities may have been based on the relation of the parties to one another, and the consequent duty owed; or it may be because of a significant difference in the kind or quality of their conduct.

*R. & G. Orthopedic Appliances v. Curtin,* 596 A.2d 530, 545 (D.C.1991). It is impossible to determine the negligence of Tellez and Tela Enterprises or of Taylor, or "the relation of the parties to one another," on the present factual record. Similarly, as to contribution, Taylor's claim against appellees is based partly on denial of his own negligence but includes also (in the amended complaint) a claim for contribution, which can only be had between joint tortfeasors. *Early Settlers,* 221 A.2d at 923. Taylor's assertion of an alternative theory of recovery based on Whitmore's allegation of his personal negligence means that an issue of material fact exists whether Taylor was a joint tortfeasor. For all of these reasons, summary judgment was inappropriate.[3]

■ Similar considerations require that we reverse the summary judgment as to Taylor's claim for attorney's fees under the wrongful involvement in litigation doctrine, which works as an exception to the American Rule. *See Dalo v. Kivitz,* 596 A.2d 35, 37 (D.C.1991). That doctrine requires proof that (1) the fees were incurred in the course of prior litigation; (2) the prior litigation occurred between the party seeking the fees and a third party who is not the defendant in the fee action; and (3) the party seeking the fees must have become involved in the prior litigation as a consequence of the tortious acts of those from whom fees are sought. *Auxier v. Kraisel,* 466 A.2d 416, 420 (D.C.1983); *Biddle v.*

2. The *Shapiro* court quoted *Weinman v. DePalma,* 232 U.S. 571, 575, 34 S.Ct. 370, 371, 58 L.Ed. 733 (1914), for the principle that "the 'independent contractor' doctrine [does not] apply where the work that the contractor is to do of itself amounts to a nuisance or necessarily operates to injure or destroy the property of plaintiff."

3. Under *Early Settlers,* 221 A.2d at 923, we also reject appellees' argument that summary judgment was proper because Taylor's complaint "inconsisten[tly]" sought contribution while at the same time alleging that appellees alone were responsible for any damage to Whitmore.

*Chatel,* 421 A.2d 3, 7 (D.C.1980).[4] "[I]f the natural and proximate consequences of the defendant's tortious act were to involve the plaintiff in litigation with a third person, reasonable compensation for attorney's fees may be recovered as damages against the author of the tortious act." *Dalo v. Kivitz,* 596 A.2d at 38. *See also* Restatement (Second) of Torts § 914(2) (1979). This causal determination depends on the trier of fact's resolution of liability in the main action. *Safeway Stores v. Chamberlain Protective Serv., supra* note 4, 451 A.2d at 68–69. *See also Answering Serv., Inc. v. Egan,* 251 U.S.App.D.C. 396, 399 & n. 1, 785 F.2d 1084, 1087 & n. 1 (1986) (concluding from *Safeway* that the "District of Columbia courts will follow the jury's determination on liability issues in a later suit for wrongful involvement in litigation"). Thus Taylor's right to compensation under this theory depends on the trier of fact determining his level of fault. If Taylor is independently and actively liable for Whitmore's damages, for example under a theory of negligent hiring or supervision as appellees suggest, then he may not recover under this theory. *See Answering Serv.,* 251 U.S.App. D.C. at 399, 785 F.2d at 1087; *Campus Sweater And Sportswear Co. v. M.B. Kahn Constr. Co.,* 515 F.Supp.

64, 112 (D.S.C.1979), *aff'd,* 644 F.2d 877 (4th Cir.1981). *See also Safeway Stores,* 451 A.2d at 69 (no recovery for wrongful involvement in litigation suit between two *equally culpable* secondary tortfeasors). But should the trier of fact determine that the tortious acts of the appellees are what caused the original litigation between Whitmore and Taylor, Taylor may recover his reasonable attorney's fees. *See Auxier,* 466 A.2d at 420 (negligence of property assessor proximately caused property owner's breach of sales contract and litigation with buyer, therefore property owner could recover cost of litigation and attorney's fees from property assessor). Obviously, Taylor's culpability cannot be decided on summary judgment.[5]

For the foregoing reasons, the trial court's grant of summary judgment in favor of appellees was error.

*Reversed and remanded.*

---

4. With regard to the first requirement, we have said that: "[t]he mere fact that the attorney's fees were incurred in the same action, rather than in a prior one, may not preclude a party from recovering under this exception in every case." *Safeway Stores v. Chamberlain Protective Serv.,* 451 A.2d 66, 69 (D.C.1982). We noted in *Safeway,* as we had earlier in *Biddle,* an exception to this requirement for a case "where the alleged wrongful party responsible for the original litigation would have escaped all liability (except costs) but for the award of attorney's fees." *Id.* Since appellees do not rely on the "prior litigation" requirement as a reason why Taylor's wrongful involvement claim fails, we need not decide strictly whether Taylor has satisfied this exception. It is evident, however, that but for the present suit seeking indemnity/contribution and attorney's fees for wrongful involvement in litigation, appellees "would have escaped all liability" for the damage caused to Whitmore.

5. Appellees further contend that Taylor's complaint alleged insufficient facts to render Pedro Tellez personally liable, as distinct from the corporation Tela Enterprises. However, "corporate officers are personally liable for torts which they commit, participate in, or inspire, even though the acts are performed in the name of the corporation." *Vuitch v. Furr,* 482 A.2d 811, 821 (D.C.1984). Here the complaint named both Tela Enterprises and Pedro Tellez as third-party defendants. Moreover, even if this suit required that the corporate veil be pierced before Tellez could be reached individually, failure to plead the fact that Tellez had misused the corporate form did not defeat Taylor's complaint, *see Francis O. Day Co. v. Shapiro,* 105 U.S.App.D.C. 392, 267 F.2d 669 (1959); whether a corporation should be regarded as the alter ego of its shareholders is essentially a factual issue for the trier of fact to resolve. *Chase v. Gilbert,* 499 A.2d 1203, 1210 (D.C.1985); *Vuitch,* 482 A.2d at 816 n. 6.