THE ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in Error, *v.* HENRY REEDY, Defendant in Error.

ERROR TO LASALLE COUNTY COURT.

Trespass *vi et armis*, is not the proper form of action for injuries, resulting from the negligence of the servants of a corporation; trespass on the case, is the proper action, of which a justice of the peace has not jurisdiction.

Animals wandering upon the track of an uninclosed railroad, are strictly trespassers, and the company is not liable for their destruction, unless its servants are guilty of willful negligence, evincing reckless misconduct.

The burden of proof is on the plaintiff, to show negligence. The mere fact that an animal was killed, will not render the company liable.

In order to show the manner in which railroad trains are conducted, witnesses acquainted with their management must be examined.

THIS was an action of trespass begun before a justice of the peace, for killing a steer, by the train of the defendant, running upon the railroad in LaSalle county. Judgment was rendered

for the plaintiff below, for twenty-five dollars and costs. The case was taken by appeal to the LaSalle County Court. The case was submitted to H. G. COTTON, Judge, of the County Court, without the intervention of a jury, who gave judgment for Reedy for thirty dollars and costs. The railroad company thereupon brought the case to the Supreme Court.

There was but one witness examined, who testified that he was plowing on the 5th of May, 1855, when he heard a freight train coming on the Illinois Central Railroad; stopped to look at it, and saw a lot of cattle on the track, all of which left the track, except one steer, he ran before the train about twelve paces, when the locomotive caught him and shoved him along the track and then upon one side, both of his hind legs were broken, and his fore legs severely wounded. The steer died of his wounds. That the value of the steer was thirty dollars.

A motion was made, after the introduction of this evidence, to dismiss the suit, for want of jurisdiction in the justice of the peace, before whom the suit was commenced; which was denied by the County Court.

D. L. HOUGH, for Plaintiff in Error.

CHUMASERO and ELDREDGE, for Defendant in Error.

CATON, J. I think, very clearly, the motion to dismiss for want of jurisdiction should have been sustained. The proper form of action was not trespass, *vi et armis*, but trespass on the case for the negligence of the servants of the company, of which a justice of the peace has no jurisdiction. Trespass only lies where the party sued does the act directly, or orders it to be done, which produces the injury complained of. There can be no pretence that such was the case here. What did the defendant below do? It built a railroad and put a train of cars upon it, and appointed an engineer and conductor to run it, for the transaction of its business, as it had a right to do, and the presumption is, that those having the charge of the train were instructed to run it in a prudent and proper manner. These acts certainly were not the direct cause of the injury. If those put in charge of the train, in conducting it, behaved carelessly, and thereby caused the injury, such carelessness is the direct and immediate cause of the injury, for which they might be made liable in trespass; but the employer, whose act was at the most but the remote cause of the injury, could only be made liable in an action on the case.

But waiving this question as to the form of the action, the evidence does not show such a case of negligence in those having

the charge of the train, as to render the company liable for the injury sustained. The rule laid down by this court in the case of *The Chicago and Mississippi Railroad Company* v. *Patchin*, 16 Ill. 198, must control this case. It had been previously settled, that the company was not bound to fence the road against, or to prevent the intrusion of stock upon it. In this case it was settled that animals wandering upon the track of an uninclosed railroad were strictly trespassers, and that the company was not liable for their loss while on the track, unless its employees were guilty of willful or wanton injury, or of gross negligence, evincing reckless or willful misconduct. The conduct of the servant must evince a total want of care for the safety of the stock, whereby it is injured, in order to make the company liable for his negligence. In other words, a case of very gross negligence must be shown. Such I understand to be the rule laid down in Patchin's case, above referred to. In that case, also, it is held that the burden of proof is on the plaintiff to show carelessness, and that the bare killing of the stock by the train, is not, of itself, sufficient to show negligence in its management. The propriety and public policy of these rules are so well vindicated in that decision, as in nearly all the other courts where the subject has been carefully considered, that I do not feel called upon to do more than to state distinctly what has been, and may now be, considered the settled law of the land.

By applying the law thus settled to the facts as shown in this record, there can be no doubt that the finding of the court is not sustained by the proofs, and no doubt the result would have been different had the decision of this court, in the 16th Ill., above referred to, been published at the time of the trial. But one witness is sworn, who saw the steer killed, and that from a considerable distance. He saw the train passing along the road, and saw a herd of cattle on the track. They all left the track but one steer, which run before the engine some twelve paces, when he was overtaken by the train and killed. This is all the evidence we have relating to the accident. It proves nothing, except the mere fact of killing, which, as before remarked, is not, of itself, any evidence of negligence on the part of the conductors of the train, in such a case as this. We are not informed whether the whistle was sounded, or other means adopted to scare the cattle from the track. We are not advised whether the speed of the train was slackened, or whether it was practicable to check the speed at that place, so as to have prevented the accident. Indeed, there is nothing testified to, showing the least want of care, or that, by the greatest possible exertions, the accident could have been prevented, much less, is there that gross and culpable negligence,

or wanton recklessness shown, which the law requires, in order to render the company liable for the loss of the steer. The burden of proof is on the plaintiff, and it is for him to show by facts and circumstances, and by those acquainted with the management of trains, who could speak understandingly on the subject, that it was practicable and easy to have avoided the collision, and that in not doing so, those in charge of the train were guilty of that measure of carelessness, or willful misconduct, which the law requires to establish the liability of the defendant below. The defendant's train was rightfully on the track, and could go no where else. The plaintiff's steer was there wrongfully. He was wrongfully allowed to be in the most dangerous place which could be found, and where there was every reason to suppose he would be killed. His being there, was not only dangerous to the steer, but to the property of the company and the lives of those upon the train, and courts and juries should not strain the law to encourage the owners of stock, to allow it to run into danger, which exposes not only their own property, but the lives and property of others.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*