## Michael Haggerty v. Edwin A. Potter, as Receiver, etc.
### Gen. No. 10,854.

1. ASSAULT AND BATTERY—*when corporation is liable for an.* A corporation is not liable for an assault and battery unless it appears that at the time of the assault it owed some duty to the person assaulted, and that the person committing the assault was acting under its authority.

2. ASSAULT AND BATTERY—*what declaration charging, against corporation need not allege.* A declaration in trespass against a corporation charging assault and battery need not allege mere evidentiary facts, such as the existence of the relation of passenger and carrier. A different rule, however, might apply had the action been trespass on the case. (Churchill v. C. & A. R. R. Co., 67 Ill. 390, distinguished.)

Action on the case for assault. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard

in the Branch Appellate Court at the October term, 1902.   Reversed and remanded.   Opinion filed December 18, 1903.

CHARLES L. MAHONY, for appellant.

KENESAW M. LANDIS, for appellee.

**Statement by the Court.**   Appellant sued appellee, as receiver of the Calumet Electric Street Railway Company, in trespass, charging that he was using and operating a street railroad in Chicago for the carriage of passengers for hire, and that while so engaged he, by his servant, one Timmons, a conductor in his employ, with force and arms assaulted appellant, etc.   The plea was the general issue.

At the trial appellant attempted to prove that at the time in question he was on a street car operated by appellee; that Timmons was the conductor on the car; that a dispute arose between him and appellant, the conductor charging him with ringing the bell and stopping the car, and that without further provocation the conductor assaulted appellant, knocked him off the car and injured him.   To this evidence appellee objected on the ground that the declaration did not charge that appellant was a passenger, or that any relationship existed between the parties from which appellee owed a duty to appellant, or that at the time of the assault the conductor was acting within the scope of his employment or under the authority of appellee.   The court sustained the objection, and there being no further offer of proof by appellant, directed a verdict of not guilty, upon which judgment was entered.

MR. JUSTICE STEIN delivered the opinion of the court.

That a corporation as such is capable of committing an assault and battery and is liable for it has been often held by our Supreme Court, and is not questioned by appellee's counsel.   And it is quite true—as contended by him—that before a corporation can be held for an assault it must first be shown that it owed some duty to the assaulted person, and facts must be proven out of which the duty arises.   So also it must appear that the person committing the assault was acting under the authority of the corporation.   But these

are all mere evidentiary facts which, while they need not be averred, must still be proven in order to show the ultimate fact alleged in the declaration, that the corporation as such and in its corporate capacity committed the assault complained of. If these evidentiary facts do not appear, the corporation cannot be held for want of proof that it, as such, did any wrong.

In Oliver's Precedents and Forms, 6th Ed., p. 285, there is a form of a declaration in trespass against a railway company for an assault which is substantially the same as the declaration at bar; and we are cited to no case which supports the contention of appellee. Churchill v. C. & A. R. R. Co., 67 Ill. 390, was an action on the case, not trespass, and upon the facts there appearing had to be such, under the distinction between the two forms of action as explained in St. L., A. & C. R. R. Co. v. Dalby, 19 Ill. 352. On p. 375 the court say :

" Wherever the command was to do only a lawful act and the servant does it in an unlawful way so as to injure another, case would be the proper remedy. I. C. R. R. Co. v. Reedy, 17 Ill. 580. But where the act is unlawful in and of itself and not from the mode of doing it, trespass would lie."

In the Churchill case, *supra*, the defendant company was sought to be held for a lawful act done unlawfully, and it appearing on the face of the declaration that the plaintiff was a passenger on one of its cars and was ejected therefrom because of the refusal of the conductor to accept his ticket which had expired by limitation of time, it was not sufficient to allege that the plaintiff was ejected " forcibly and with great violence," as these words were not tantamount to an allegation of the use of excessive force. The company was charged with doing a lawful act in an unlawful manner, and its conductor in ejecting the passenger had the right to use force and violence, provided it was not excessive or more than necessary. In the case at bar the declaration as drawn charges the doing by the defendant, through a servant in its employ, of an unlawful act, and this of course will have to be shown at the trial before appellee will have occasion to defend.

In our opinion the offered evidence should have been received.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

REPORTERS' NOTE. The count under consideration and approved in the above case was as follows :

For that the defendant, on, to wit, April 2, 1899, was the owner, possessed of and using and operating a certain street railroad extending along and upon Cottage Grove avenue in the city of Chicago, county and state aforesaid, together with certain cars used and operated upon said railroad and in connection therewith for the carriage of passengers for hire, and while so engaged in operating said railroad, said defendant, by his servant, one Timmons, a conductor in his employ, on the said second day of April, A. D. 1899, in the county aforesaid, with force and arms assaulted the plaintiff and beat and bruised, wounded and illtreated him.

Whereby the plaintiff became and was sick, sore, lame and disordered, and so continued for a long space of time, to wit, thence hitherto, during all of which time the plaintiff suffered great pain and was hindered from transacting his necessary affairs and business, and also thereby the plaintiff was obliged to incur and did then incur great expenses, to wit, to the amount of $300, in and about endeavoring to be cured of the injuries sustained by him. And thereby also, divers large quantities of blood which issued and flowed on the clothes and wearing apparel, to wit, one coat, one pair of trousers and one shirt of the plaintiff, wherewith the plaintiff was then clothed, of the value of $25, and greatly soiled, damaged and spoiled the same so that the same thereby became of little or no use to the plaintiff, and other wrongs to the plaintiff then and there did against the peace and dignity of the people of the State of Illinois.