## Johanna Sievert, Appellant, v. Illinois Furniture Company, Appellee.

### Gen. No. 17,102.

1. ASSAULT—*when peremptory instruction proper.* In an action for an assault alleged to have been committed upon plaintiff by agents of defendant furniture company, a peremptory instruction to find the defendant not guilty is proper where the fact of agency is not proved.

2. AGENCY—*proof.* The fact that one assumes to act as an agent, without the knowledge or subsequent ratification of the principal, is not sufficient to prove the agency.

3. CORPORATIONS—*when liable for assault.* In order that a corporation may be liable for an assault, it must appear that the person committing the assault was acting under the authority of the corporation.

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 3, 1913.

CHARLES J. O'CONNOR, for appellant.

BERNHARDT J. FRANK, for appellee; LEMUEL M. ACKLEY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment for the defendant in an action brought by Mrs. Johanna Sievert, hereinafter called plaintiff, for an assault alleged to have been committed upon her by the Illinois Furniture Co., hereinafter called defendant. The case was tried by a jury, and at the conclusion of the plaintiff's evidence the court instructed the jury to find the defendant not guilty.

The point made by counsel for the defendant is that the court properly directed the verdict, as there was no evidence connecting the defendant with the alleged assault. Examination of the record leads us to the conclusion that the point is well taken and that the instruction to the jury was proper.

The record discloses no transaction between the plaintiff and the defendant, except that defendant sold to her a mattress and a washing-machine in May, 1909; that afterwards, in June, a man from defendant's store came to her and went with her to defendant's house, where she was shown some paper and asked to sign it, which she refused to do. It also appears to be admitted that prior to the day on which plaintiff says she was assaulted she and some representative of the defendant had a conversation in which defendant claimed that plaintiff had in her house some furniture on which they had a mortgage. The plaintiff testifies that on the day of the alleged assault a man came into her flat inquiring about some furniture which plaintiff had bought from a Mrs. Hornichek, a neighbor, and with him was a man dressed in a police officer's clothes. This man (referring to the one in citizen's dress) plaintiff in her testimony describes as "the Illinois Furniture Company man." She further stated that this man said, "I am here to get the furniture," and that she refused to let him have it; that he then caught her arms and pushed her on the sink. There was considerable talk between them after that time, which resulted in the

men leaving the place without taking any furniture. It is claimed by plaintiff that when she was pushed against the sink she received injuries to her hip, from which she had, however, recovered at the time of the trial. There is no evidence in the record that this man was in fact an employe of the defendant, and plaintiff does not testify that she had ever seen him before. To the question, "Did this man tell you * * * that he was from the Illinois Furniture Company?" she replied "Yes."

It is claimed by the plaintiff that this case is much like Singer Mfg. Co. v. Holdfodt, 86 Ill. 455, but an examination of the facts in that case discloses that the question of the agency of the parties was not raised, the Supreme Court in its opinion saying: There is no controversy whether the men who took the machine * * * were the agents of appellant." It affirmatively appeared in the case cited that the agents were acting under directions received from the head office. It has been held repeatedly in this state and elsewhere that before one can recover for the acts of an alleged agent, the fact of the agency must be proved. It has also been held that the mere fact that one assumed to act as an agent, without the knowledge or subsequent ratification of the principal, is not sufficient to prove the agency. Schmidt v. Shaver, 196 Ill. 108. Counsel for defendant has filled several pages of his brief with citations of cases in support of this proposition, but we do not believe that any further citation is necessary, as the legal propositions are well settled. It has also been held that before a corporation can be held for an assault it must appear that the person committing the assault was acting under the authority of the corporation. Haggerty v. Potter, 111 Ill. App. 433.

Holding as we do, that under the record plaintiff had failed to make out a case against the defendant, the peremptory instruction to find the defendant not guilty was proper, and the judgment will be affirmed.

*Affirmed.*