EARL BAKER et al., Petitioners, v. THE POLLUTION CONTROL BOARD et al., Respondents.

(No. 72-290;

Fifth District—October 6, 1975.

*Rehearing denied October 29, 1975.*

Kenneth E. Moss, of Nokomis, for petitioners.

William J. Scott, Attorney General, of Springfield (Larry R. Eaton and Marilyn Resch, Assistant Attorneys General, of counsel), for respondents.

Mr. JUSTICE CARTER delivered the opinion of the court:

Petitioners, Earl Baker (now deceased) and Harold Broverman, were at the time of the filing of the complaint on January 4, 1972, joint owners along with two others of the Taylorville Landfill in Christian County. This landfill has for many years accepted all kinds of refuse, including household wastes from the city of Taylorville and offal from a slaughterhouse. The complaint and amended complaint charged the petitioners with numerous violations of the Environmental Protection Act and of the Environmental Protection Agency's Refuse Disposal Rules and Regulations. A former part-owner, Robert Rink, was also charged in the complaint. Rink, however, is not a party to this appeal. The board discharged a fourth party.

A hearing officer of the Pollution Control Board conducted public hearings on May 24 and 31, 1972. On September 12, 1972, the Board found petitioners Baker, Broverman and Rink to be in violation of several statutory provisions as well as numerous refuse disposal rules and regulations of the Board. The Board ordered the three to cease and desist from dumping and burning and forthwith to compact, spread, and apply final cover to the refuse until such time as petitioners obtained an operating permit. Petitioners were assessed civil penalties in the amount of $5,000 each. Rink was penalized $2,000. It is from the Board's order and assessment of penalties that this appeal is taken pursuant to

section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1973, ch. 111½, par. 1041).

Petitioners present the following questions for review:

(1) whether the Pollution Control Board properly considered the guidelines enumerated in section 33(c) of the Environmental Protection Act (Ill. Rev. Stat. 1973, ch. 111½, par. 1033(c)) in rendering its decision; (2) whether the order against petitioner Baker should be dismissed because of his death; (3) whether the penalties imposed were excessive.

Between July, 1970, and March, 1972, various inspectors from the Environmental Protection Agency made on-sight inspections of the 62-acre landfill operated by the petitioners. During several inspections open fires were seen, and on two occasions rats were observed. At times a heavy fly population was present, and on most visits a strong, nauseous odor pervaded the air. On many occasions the refuse had not been spread, compacted, or covered in a manner required by the regulations. Unloading was unsupervised, and inadequate or inoperable landfill equipment was noted. All of the foregoing conditions or activities at the landfill constituted violations of statutes and the landfill rules and regulations. During the period in question the landfill did not possess the required operating permit.

During many inspections, Environmental Protection Agency personnel spoke with either Baker or Broverman regarding the lack of compliance with landfill rules and regulations and the means for correcting the violations. The petitioners were notified of their violations by letter on several occasions.

The petitioners contend that the Pollution Control Board's decision is arbitrary because the opinion failed to consider guidelines enumerated in section 33(c) of the Environmental Protection Act. In particular, the petitioners argue that the arbitrariness of the Board's decision is evidenced by its failure to cite violations of specific regulations or statutes in its opinion and order.

■■ Reviewing the instant record, we have determined that the findings of the Pollution Control Board were clearly supported by the evidence. Even though the Board in its opinion and order failed to specify the particular statutes and landfill regulations violated, it stated the following: "We find that the evidence in the record overwhelmingly supports the various allegations of the amended complaint. The amended complaint alleged various violations of the Environmental Protection Act and also of the Rules and Regulations for Refuse Disposal Sites. In particular the violations alleged were section 21(e) of the Environmental Protection Act (failure to have a permit); section 9(c) of the

Act and Rules 3.05 and 5.12(d) (open burning); section 21(b) of the Act and Rule 3.04 (open dumping); Rule 5.06 (failure to spread and compact); Rule 5.07(a) (failure to apply daily cover); Rule 5.07(b) (failure to apply final cover); Rule 4.04 (failure to provide for fire protection); Rule 5.04 (failure to supervise unloading to prevent blowing litter); Rule 5.05 (failure to provide sufficient equipment in operational condition); Rule 5.09 (failure to control insects and rodents); Rule 5.10 (improper salvage operations). The Board's findings of fact and the record clearly support its determination that all of the above statutes and landfill rules and regulations were violated by the petitioners.

■■  Until the recent Illinois Supreme Court decision in *Incinerator, Inc. v. Pollution Control Board*, 59 Ill.2d 290, no decision had suggested that the Pollution Control Board is reqired to make specific written findings regarding each of section 33(c) criteria, which are set forth below:

"(c) In making its orders and determinations, the Board shall take into consideration all the facts and circumstances bearing upon the reasonableness of the emissions, discharges or deposits involved including, but not limited to:

(i)  the character and degree of injury to, or interference with the protection of the health, general welfare and physical property of the people;

(ii)  the social and economic value of the pollution source;

(iii)  the suitability or unsuitability of the pollution source to the area in which it is located, including the question of priority of location in the area involved; and

(iv)  the technical practicability and economic reasonableness of reducing or eliminating the emissions, discharges or deposits resulting from such pollution source." Ill. Rev. Stat. 1973, ch. 111½, par. 1033(c).

*C. M. Ford v. Environmental Protection Agency*, 9 Ill.App.8d 711; *Airtex Products, Inc. v. Pollution Control Board*, 15 Ill.App.3d 238. In the *Incinerator* decision our supreme court noted that only future Board decisions would be expected to be more specific in this regard. If such specificity requirement exists now, it is not retroactive. Because the Board's opinion and order in the instant case were filed prior to the *Incinerator* decision, the Board was under no duty to make specific written findings with regard to the section 33(c) criteria. We accordingly find petitioners' contention in this respect without merit and uphold the Board's findings that petitioners violated the above-enumerated statutes and landfill rules and regulations.

■■  Should the fine against Earl Baker be dismissed because of Baker's death? The petitioner does not set forth any law in support of his claim

that the matter against Earl Baker should be dismissed. Respondents, on the other hand, cite *Tunnell v. Edwardsville Intelligencer, Inc.*, 43 Ill.2d 239, 242, *cert. denied,* 397 U.S. 1021. The Illinois Supreme Court stated in the *Tunnell* case that:

> "Even as to actions which do not survive, however, there is no abatement upon the death of a party if the litigation has progressed to a point at which the merits of plaintiff's allegations have been affirmatively determined."

Thus, once the case has proceeded to the appellate level, the issue is not whether the cause of action is of the type that abates, but whether the merits of the cause have been previously decided.

The *Tunnell* case was a cause of action for defamation. Upon defendant's motion, the trial court set aside the verdict for plaintiff and entered judgment for the defendant. The plaintiff died during the pendency of his appeal, and defendant moved to dismiss on the grounds that the plaintiff's death caused the action to abate. Both the appellate and supreme courts held that the cause of action survived plaintiff's death.

The present case is clearly analogous to the facts in the *Tunnell* case. In accordance with the Environmental Protection Act, hearings were conducted before a hearing officer in the instant case. Both sides presented evidence, and the Board determined on the merits the factual questions presented by the record. The Board issued its decision before Earl Baker died. In *Tunnell* all the factual questions had been determined by the jury, and thus the merits of the case had been fully resolved. Following the *Tunnell* rule, we find that the action against petitioner Baker survives his death.

Finally, the petitioners contend that the Board imposed excessive penalties. They also suggest that the $5,000 penalties were imposed because of the vulgar language used by petitioner Broverman in responding to a question posed by an agency employee who was at the time inspecting the landfill. This later suggestion we dismiss as unsupported by the evidence. However, we shall consider the question regarding the excessiveness of the penalties imposed.

■■ In *City of Monmouth v. Pollution Control Board,* 57 Ill.2d 482, the Illinois Supreme Court held that the provisions of the Act make it plain that the General Assembly intended that the Board be possessed of expertise (ch. 111½, par. 1005(a)) and that it be vested with broad discretionary powers in making its orders and determinations (par. 1033(c)) and in the imposition of civil penalties (par. 1042). It is equally plain that its orders and determinations are subject to judicial review (par. 1041), and in order to be sustained must find support in

the record. We believe that there is sufficient support in the record to justify the $5,000 penalties imposed against the petitioners in the instant case.

We have previously discussed at length the violations as shown by the evidence. The violations had continued for a long period of time, despite repeated warnings. The nature, number and duration of the violations, the lack of cooperation by the petitioners, and the failure to apply for an operating permit until two weeks before the hearing were factors that formed the basis upon which the Board imposed the penalties. Under the circumstances, we hold the fines imposed were not excessive or arbitrary.

The order of the Pollution Control Board is affirmed.

G. MORAN and KARNS, JJ., concur.